ANDREW N. POTTS AND PHYLLIS POTTS, PLAINTIFFS-RESPONDENTS, v. BRIDGEWATER-SOMERSET REALTY CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted January 15, 1946—Decided February 15, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiffs-respondents, *Samuel E. Kresch* and *Ben M. Horwech.*

For the defendant-appellant, *Cyril J. McCauley.*

The opinion of the court was delivered by

CASE, J. Plaintiffs, alleging a breach, sued for recovery of payments made on a contract for the sale of real estate "together with bungalow (shell) erected thereon with chimney, driven well and hand pump." At the trial defendant moved for a direction of verdict on plaintiff's opening. The court denied the motion and, sitting without a jury, thereupon gave judgment to plaintiffs in the liquidated amount disclosed in the opening to be due. Defendant appeals and

sets up error in (1) the court's denial of the motion for directed verdict and (2) the entering of judgment on plaintiffs' opening without the taking of testimony.

In the opening plaintiffs' attorney said in part:

"The plaintiffs claim that the defendant did not erect or deliver the bungalow in accordance with its written agreement. In the contract, after describing the lands by metes and bounds the contract states 'Together with bungalow (shell) erected thereon with chimney, driven well and hand pump.' We maintain that the defendant did not deliver the bungalow (shell) as set forth in the contract * * *."

In arguing for the direction defendant's attorney based his contention upon the proposition that plaintiffs were bound by a contract which could not be varied by parol testimony:

"It is obvious that he (plaintiffs' attorney) intends to alter the terms of a written contract by parol evidence which is contrary to the law as enunciated in this state in the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331, * * *."

We think that the defendant was not entitled to prevail upon a prognostication of the character of proof plaintiffs would use in proving their case. Perhaps the contingency anticipated by the defendant would have occurred had the trial proceeded, in which event defendant would have been in position to object to the evidence and to submit its authorities to the court; but under the strict rule enjoined upon the movant in making a motion for a nonsuit or for a direction of verdict we conclude that the court below was not obliged to assume that plaintiffs would need to violate the rules of evidence in order to prove their case and further that the court was not obliged to determine the admissibility of evidence in advance of its submission.

A motion to direct a verdict is in effect a demurrer to the evidence. *Cook* v. *American Smelting and Refining Co.,* 99 *N. J. L.* 81; *Allgeier* v. *Erie Railroad Co.,* 100 *Id.* 89. It admits as true all evidence, or that which stands as evidence, which supports the view of the party against whom the motions are made and gives him the benefit of all legitimate inferences which may be drawn therefrom in his favor. *Hayward* v. *North Jersey Street Railway Co.,* 74 *Id.* 678; *Hunke*

v. *Hunke,* 103 *Id.* 645; *Barry* v. *Borden Farm Products Co.,* 100 *Id.* 106. Because of the inherent risk to the movant under our practice it is not usually made on the opening or even at the close of the plaintiffs' case; but it may be so made. *Donnelly* v. *Paramount Organization, Inc.,* 109 *Id.* 57; *Home Loan Co.* v. *Scanlon,* 120 *Id.* 544. The disposition of a case upon counsel's opening is upon the theory of an admission which may be taken as a proved fact. *Oscanyan* v. *Winchester Repeating Arms Co.,* 103 *U. S.* 261; 26 *L. Ed.* 539. A direction of verdict is an application of a court ruling to the admitted or uncontroverted facts of a case. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586. At whatever stage the motion is made it carries the assumption that the movant has no evidence; and permission to offer evidence after the motion is denied is at discretion. *Burnett* v. *State,* 62 *N. J. L.* 510. We have never known that statement of the rule to be questioned in civil causes in this jurisdiction. Our Court of Appeals said in *Polhemus* v. *Prudential Realty Corp.,* 74 *Id.* 570, 582:

"And we may be permitted to add to the queries of Mr. Justice Story that if *prima facie* proofs, unrebutted, should operate upon the minds of the jurors as decisive, why should not the judge at a trial so instruct them? * * * In our own state it may be gathered, from *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey* (1875), 9 *Vr.* 525, 529; *Fifth Ward Savings Bank* v. *First National Bank* (1886), 19 *Id.* 513, 518; *Baumann* v. *Hamburg-American Packet Co.* (1901), 38 *Id.* 250, 252, 253, that when a plaintiff has fulfilled the burden of proof laid upon him, and no facts in evidence show that the plaintiff's testimony cannot be true, the court is warranted in directing a verdict in his favor. This may be simply putting in another form the rule that when no other verdict would be supported by the evidence, a direction is not erroneous."

Under the rule stated, *supra,* defendant in making the motion for direction admitted that it had breached its contract and that it did not convey and deliver in accordance with its obligation and that the moneys paid to it by plaintiffs under the contract were the down payment of $300 and

the first monthly payment of $25. After the denial of the motion the court gave judgment to plaintiffs for $325. As we have seen, the theory upon which the motion for a direction became timely was that the plaintiffs' opening took the place of evidence. It was upon that substitute for evidence that defendant sought to forestall a trial and to have judgment final in its own behalf. Defendant took its step advisedly and upon caution from the court as will appear from the following colloquy between court and counsel, had after the latter had moved for a direction of verdict on plaintiffs' opening:

By the court: "Do you want to move for a nonsuit on the plaintiffs' opening or a direction of a verdict?"

Mr. McCauley: "I move for a direction of a verdict."

By the court: "Do you realize the effect of such a motion?"

Mr. McCauley: "I do."

A judge may not direct a verdict for plaintiff in the absence of proof or of pertinent admission by the defendant, *Besser* v. *Krasny,* 114 *N. J. L.* 146; but in our view the defendant, in moving to direct, made the necessary admission. The facts thus admitted, while brief, established a *prima facie* case. They were weighed, and a verdict was given upon them, by the court which was at the same time the finder of the facts.

Judgment affirmed, with costs.